**UNITED BONDING INSURANCE COMPANY, Plaintiff-Appellee,**

**v.**

**Joseph B. MOHR and Marilyn Mohr, Defendants-Appellants.**

**No. 281, Docket 30927.**

United States Court of Appeals Second Circuit.

Argued Dec. 16, 1966.

Decided Dec. 30, 1966.

W. Harvey Mayer, New York City (Friedlander, Gaines, Ruttenberg & Goetz, New York City, on the brief), for appellee.

Joseph Zalk, New York City (Zalk, Rubel & Perret, New York City, on the brief), for appellants.

Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.

PER CURIAM:

Appellants Joseph and Marilyn (Joseph's wife) Mohr signed an indemnification agreement on July 3, 1961 agree-

ing to indemnify appellee United Bonding Insurance Company (United Bonding) for any loss it might incur in connection with its issuance of performance bonds guarantying the performance of the Pelican Building Company (Pelican) on certain construction contracts. Siebert Mohr (Joseph's brother), a principal in Pelican, had requested his brother and sister-in-law to sign the indemnification agreement as United Bonding was unwilling to issue performance bonds to Pelican in the absence of the guaranty of a financially responsible person—a quality lacking in Siebert. Pelican defaulted on its performance of its construction contracts and United Bonding expended over $8,000 on its performance bonds to have the construction finished plus additional sums for counsel and inspection fees. United Bonding seeks to recover these amounts and its counsel fees incurred in prosecuting this action on the indemnification agreement. Judgment has been entered in its favor.

 Appellants argue that they were sureties, that their obligation was governed strictly by the Pelican contract, that Pelican altered the terms of that contract without their consent by purchasing some additional land after the issuance of the performance bonds and that they, therefore, were discharged on their obligation under strict suretyship principles. Appellants' contention must fail. First, appellants overlook the distinction between a suretyship contract and a contract of indemnity. As appellants agreed to save United Bonding harmless on the future issuance of bonds, appellants were indemnitors rather than sureties. Since the Pelican contract was not in existence when the indemnification agreement was signed, a minor change in the Pelican contract would not void the indemnification agreement. Second, even if appellants were sureties, they have failed to sustain their burden of proving that the Pelican contract was altered. Appellants showed at trial that Pelican obtained the deed to certain land after the Pelican agreement was signed. However, Pelican had actually negotiated to buy the property prior to the Pelican contract.

Appellants' contention that United Bonding never proved that Pelican was in default is without merit in view of the stipulation annexed to the pre-trial order.

Appellants' claim that the counsel fees allowed were excessive is refuted by the facts, the nature of the services performed and the results achieved.

Judgment affirmed.